### Foggia Builders, Inc. v. RJD Construction Co., Inc.

*Allen L. Feingold*, for plaintiff.
*Walter T. ReDavid*, for defendants.

JEROME, J., July 15, 1975—Plaintiff in this matter filed a complaint in mechanic's lien. Defendants then filed preliminary objections raising two issues, namely, the exemption or immunity of the property from lien and failure of plaintiff to comply with certain statutory requirements.

The agreed facts appear to indicate that on July 8, 1974, plaintiff contracted with defendant, RJD Construction Company, Inc., to complete certain stucco work on a new office building located at 370 Reed Road in Broomall, Pa. More than ten days prior to the signing of this agreement, three distinct mechanic's lien waiver agreements between the owners of the property, Robert J. DiDomenico and Paula E. DiDomenico, his wife, and RJD Construction Company, Inc., as contractor, were filed of record in the office of the prothonotary of this court.

On October 7, 1974, defendant, RJD Construction Company, Inc., through its attorney, ordered plaintiff to cease all work on the property due to a dispute. Litigation then ensued as indicated above.

Under section 402 of the Mechanics' Lien Law of 1963, Act of August 24, 1963, P.L. 1175, 49 P.S. §§1101, et seq., it is provided that where the owner and the contractor enter into a written contract which provides that no claim shall be filed by anyone, this is binding against the subcontractor. Proof

that the contract or waiver was filed in the prothonotary's office not less than ten days prior to the execution of a contract between the contractor and subcontractor is sufficient. There is no doubt in the case before us that this section was complied with. Plaintiff, however, argues that the owners here (Mr. and Mrs. DiDomenico) and the contractor (RJD Construction Company, Inc.) are one and the same person and, hence, the above-cited section is not applicable. He cites several cases in support of this argument. A review of the cases indicates they are clearly distinguishable. None involves a situation where the contractor was a corporation. In other words, they involve situations where the owner as an individual had entered into a contract with himself as contractor. Further, there is an indication in several cases that despite the waiver, the owner had agreed with the supplier that he might file a lien if deliveries were continued.

From a factual standpoint, plaintiff points to the fact that the husband-defendant, Robert J. DiDomenico, is president of RJD Construction Company, Inc., and in that capacity handled certain aspects of the construction. We think this is irrelevant. In the case of Dries Building Supply Co. v. Dreas, 33 Lehigh 147 (1968), it appeared that the record owners of certain real estate were the wives of the principal stockholders and president and vice president of a corporation with which the record owners of the real estate entered into a stipulation against liens prior to the construction of improvements on the real estate. The court held that this was insufficient, in itself, to invalidate the waivers which were properly filed of record. They stated as follows:

"Under the law of Pennsylvania, a corporation is a separate entity, which will not be disregarded

merely because the stock is closely held. There must be present some item of unfairness, injustice or some compelling public policy before the corporate entity will be set aside . . .": 33 Lehigh at 153.

In the case at bar, there is no allegation of bad faith, fraud or any misleading or the like on the part of defendant. We, therefore, find that the waiver agreement is binding upon plaintiff and that the property in question is immune from lien.

Although not needed for the purposes of the decision, it should also be pointed out that mechanics' lien should be stricken for failure to comply with section 1502C having to do with the manner of service. There are many cases in our jurisdiction holding that claims for mechanics' liens must be reviewed with the strict construction of the statute which created them. See Sampson-Miller Associated Companies, Inc. v. Landmark Realty Company, 224 Pa. Superior Ct. 25, 303 A. 2d 43 (1973).

The above-cited section clearly states that service is to be made by an adult in the same manner as a writ of summons in assumpsit. In the case before us, plaintiff's counsel served defendants by certified mail. Section 1502(a)(2) specifically provides that failure to serve such notice or to file the affidavit or accept its service within the time specified shall be sufficient ground for striking off the claim. The mechanics' lien claim has never been served except through the mail as indicated above.

It was for these reasons that this court entered its order of June 30, 1975, sustaining defendants' preliminary objections and striking plaintiff's mechanics' lien.